Law Office of Sean M. Kemp
PO Box 494
44 West Market Street
Rhinebeck, New York 12572
Tel.:845-418-5853
Fax.:845-579-5691
Email:sean@seanmkemp.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF PEAK ENTERPRISES, INC. d/b/a PEAK CONSTRUCTION, a New York Corporation<br><br>Plaintiffs,<br><br>-against-<br><br>MONUMENT CONSTRUCTION, LLC, a New Hampshire Limited Liability Company, and WESTERN SURETY COMPANY, a South Dakota Corporation<br><br>Defendants. | **COMPLAINT FOR RECOVERY UNDER THE MILLER ACT AND BREACH OF CONTRACT**<br><br>Case No.:__7:18-cv-8846____ |

## COMPLAINT

Peak Enterprises, Inc. d/b/a Peak Construction ("Plaintiff Peak Construction"), by and through its attorney Sean M. Kemp, alleges as its complaint:

### NATURE OF THE ACTION

1. This is an action to recover monies due and owing to Plaintiff Peak Construction for work that it performed at VA Hudson Valley Health Care System at Castle Point Campus ("Castle Point") located at Route 9D, Castle Point, New York 12511.

**JURISDICTION AND VENUE**

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and the provisions of the Miller Act, 40 U.S.C. §3133(b)(3)(B).

3.   This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.   This Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. §1367.

5.   The contract at issue was to be performed in Dutchess County, New York.  Pursuant to 40 U.S.C. §3133(b)(3)(B) and 28 U.S.C. §1391(b)(2) venue lies in the United States District Court for the Southern District of New York.

**PARTIES**

6.   Plaintiff Peak Enterprises, Inc. d/b/a Peak Construction ("Peak Construction"), is a New York Corporation, with a principal place of business located at 164 Old Route 9, Fishkill, NY 12524.

7.   Plaintiff Peak Construction is a contractor that provides commercial and residential construction services throughout the Hudson Valley of New York.

8.   Upon information and belief, Defendant Monument Construction, LLC ("Monument"), is a New Hampshire Limited

Liability Company, with an office at 21 Factory Street, Suite 1, Nashua, NH 03060.

9. Defendant Monument is a prime general contractor that performs the majority of its work for federal agencies throughout the country.

10. Defendant Western Surety Company ("Western Surety"), is a South Dakota Corporation and maintains an office at 333 South Wabash Ave., Chicago, IL 60604.

11. Defendant Western Surety is an insurance company with a focus on surety bonds. It is affiliated with CNA Surety.

## STATEMENT OF FACTS

12. On or before March 4, 2016, Defendant Monument entered into a contract with the U.S. Department of Veteran Affairs ("VA") in connection with a federal project at the VA Hudson Valley Health Care System at Castle Point Campus located at Route 9D, Castle Point, New York 12511 (hereinafter the "Prime Contract").

13. The Prime Contract included a bid item that required, among other things, the replacement of certain steam lines at Castle Point.

14. On or about March 4, 2016, Defendant Monument obtained a bond from Defendant Western Surety in the amount of $687,039.00, as required by the VA (hereinafter the "Bond").

15. In the Bond, Defendant Western Surety agreed to be bound "jointly and severally" with Defendant Monument to make payment

to all persons having a direct contractual relationship with Defendant Monument or to any subcontractor of Defendant Monument who furnished labor, material or both in the prosecution of the work provided for in the Prime Contract, in the event that Defendant Monument failed to make prompt payment to such persons.

16. On or about April 11, 2017, Defendant Monument entered into a contract with Plaintiff Peak Construction (hereinafter the "Subcontract") to furnish labor, materials, and equipment to replace certain steam lines at Castle Point as required by the Prime Contract.

17. Defendant Monument agreed to pay Plaintiff Peak Construction monthly progress payments based on work performed.

18. Plaintiff Peak Construction fulfilled its obligations to Defendant Monument by providing all labor, materials and equipment required by the Subcontract in a good and workmanlike manner.

19. Defendant Monument breached its contractual obligations to Plaintiff Peak Construction by failing to, among other things, timely remit payment to Plaintiff Peak Construction for work that it performed in accordance with the Subcontract.

20. Plaintiff Peak Construction last performed work at Castle Point on October 2, 2017.

21. As of September 26, 2018, Defendant Monument owes Plaintiff Peak Construction the sum of not less than $84,352.00.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

22. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "21" above as if same were fully set forth herein.

23. Plaintiff has performed all of its obligations under the Subcontract.

24. Defendant Monument breached the Subcontract by failing and refusing to pay Plaintiff Peak Construction in full for labor, materials and services it furnished in connection with the Subcontract.

25. Plaintiff has suffered damages in an amount not less than $84,352.00 as a direct and proximate result of Defendant Monument's breach of contract.

26. Plaintiff is entitled to recover from Defendant Monument the sum of not less than $84,352.00, together with interest as provided for by law.

### SECOND CAUSE OF ACTION
### (Claim against Payment Bond)

27. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "26" above as if same were fully set forth herein.

28. Plaintiff Peak Construction was a first-tier subcontractor.

29. Defendant Western Surety is obligated, pursuant to the Bond, to pay Plaintiff Peak Construction for the labor, materials and services that it furnished in connection with the Prime Contract and Subcontract and for which Defendant Monument failed to make payment.

30. Defendant Western Surety has failed to fulfill its obligation under the Bond to pay Plaintiff Peak Construction for labor, materials and services it furnished in connection with the Prime Contract and Subcontract and for which Defendant Monument failed to make payment.

31. Plaintiff is entitled to payment from Defendant Western Surety pursuant to the Miller Act, 40 U.S.C. §3133.

32. Plaintiff is entitled to payment from Defendant Western Surety in a sum not less than $84,352.00, together with interest as provide for by law.

### THIRD CAUSE OF ACTION
### (Quantum Meruit)

33. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "32" above as if same were fully set forth herein.

34. Plaintiff Peak Construction provided valuable labor, services and materials that were necessary to Defendant Monument to perform and complete its obligations under the Prime Contract.

35. Plaintiff Peak Construction provided said labor, services and materials at Defendant Monument's request.

36. Defendant Monument benefitted from Plaintiff Peak Construction's labor, services and materials.

37. Defendant Monument has failed and refuse to pay Plaintiff Peak Construction for the labor, services and material referenced herein.

38. The unpaid portion of the labor, services and material that Plaintiff Peak Construction provided to Defendant Monument are of the reasonable value of $84,352.00.

39. By reason of the foregoing, Plaintiff Peak Construction is entitled to judgment against Defendant Monument for a sum not less than $84,352.00, together with interest as provide for by law.

### FOURTH CAUSE OF ACTION
#### (Attorneys' Fees)

40. Plaintiff repeats and realleges each and every response in paragraphs numbered "1" through "39" above as if same were fully set forth herein.

41. The Subcontract provides for, among other things, the award of attorneys' fees and costs to any party recovering a final judgment.

42. By reason of the foregoing, Plaintiff Peak Construction is entitled to an award for costs, disbursements and reasonable attorneys' fees for having to bring this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment, as follows:

A. On its First and Third Causes of Action a judgment in favor of Plaintiff Peak Construction and against Defendant Monument in an amount to be proven at trial, but believed to be, no less than $84,352.00 together with interest as provided for by law;

B. On its Second Cause of Action a judgment in favor of Plaintiff Peak Construction and against Defendant Western Surety in an amount to be proven at trial, but believed to be, no less than $84,352.00 together with interest as provided for by law;

C. On its Fourth Cause of Action, a judgment awarding costs, disbursements and attorneys' fees as provided for by law; and

D. a judgment awarding Plaintiff such other and further relief as may be just and proper under the circumstances.

Dated:   September 26, 2018

                              Respectfully submitted,

                              LAW OFFICE OF SEAN M. KEMP

                              _/S/Sean M. Kemp_____
                              Sean M. Kemp, Esq.
                              P.O. Box 494
                              44 West Market Street
                              Rhinebeck, NY  12572
                              (845) 418-5853
                              sean@seanmkemp.com
                              ATTORNEY FOR PLAINTIFF